IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEON J. HOWARD,<br><br>    Plaintiff,<br><br>V.<br><br>WELLPATH, LLC,<br>Health Care Provider;<br>DR. ANTHONY LETIZIO<br>Medical Director,<br>BRITTANY HUNER<br>Chief Health Care Administrator,<br>MS. WOODS<br>Wellpath Program Manager,<br>Ms. MENYA<br>Wellpath Program Manager,<br><br>    Defendants. | CIVIL NO:_____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

### I. PRELIMINARY STATEMENT

1. This is an action for monetary relief for violation or the Eighth and Fourteenth Amendment of the United States Constitution pursuant to 42 U.S.C. §§ 1983 and 1988 as well as raising supplemental state-law claims related to Defendants' deliberate indifference in failing to provide Plaintiff with adequate medical treatment.

2. Plaintiff has suffered from degenerate disc disease in his lower spine for over the past twenty-five plus years and the condition has progressively gotten worse over the years causing sever lower back pain. Due to Defendants decisions, which caused more than an eighteen-month delay in getting the Plaintiff pain management epidural injections, Plaintiff has suffered with sever pain, reduced mobility and lack of sleep.

3. Plaintiff now seeks damages for the substantial pain and suffering caused by the Defendants' conduct.

4. This is an action for monetary relief for violation of the Eighth and Fourteenth Amendments of the United States Constitution pursuant to 42 U.S.C. §§ 1983 and 1988.

## II.     JURISDICTION

5. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1334 (a)(3) and (4); pendant jurisdiction of this Court to consider claims under state law; and supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 (a) to hear and adjudicate state law claims.

6. This Court is the appropriate venue pursuant to 28 U.S.C. § 1391 (b)(2) because the events and omissions giving rise occurred in the eastern District of Pennsylvania.

## III.    PARTIES

7. Plaintiff, Leon J. Howard who is 54 years old, was at all times relevant to this compliant, an inmate at SCI-Phoenix.

8. Defendant Wellpath LLC ("Wellpath"), which has a regional office in Cumberland County, Pennsylvania, was at all times relevant to this complaint the holder of a contract to provide medical services to inmates at SCI-Phoenix.

9. Defendant Dr. Anthony Letizio, who at acted under color of state law, was at all times relevant to this complaint employed as the Medical Director at SCI-Phoenix as well as the regional Director of the Defendant Wellpath. He is being sued in his individual capacity.

10. Defendant Ms. Brittany Huner, who acted under color of state law, was at all

times relevant to this complaint employed by the Defendant Wellpath as Corrections-Chief Health Care Administrator and assigned to provide medical services at SCI-Phoenix. She is being sued in her individual capacity.

11. Defendant Ms. Woods, who acted under color of state law, was all times relevant to this compliant employed by Defendant Wellpath and assigned as Program Manager at SCI-Phoenix. She is being sued in her individual capacity.

12. Defendant Ms. Menya, who acted under color of state law, was at all times relevant to this complaint employed by the Defendant Wellpath and assigned as Program Manager at SCI-Phoenix. She is being sued in her individual capacity.

## IV.    FACTS

13. Plaintiff has suffered from degenerative disc disease in his lower spine for nearly thirty-years and now needs spinal surgery to alleviate the sever chronic pain.

14. On or about January 3, 2021 Plaintiff was awaken in the middle of the night in excruciating pain.

15. On or about January 4, 2021 Plaintiff went to sick call concerning his pain and PA Kaminsky ordered an on-site ex-ray to be done on his lower spine.

16. On or about February 9, 2021 Plaintiff was given an on-site ex-ray that showed separation of the disc in his lower spine and was subsequently scheduled to be given an MRI.

17. On or about March 16, 2021 Plaintiff was given an MRI at Einstien Hospital and was informed by the neurologist that the deterioration in his lower spin looked very bad.

18. On or about April 13, 2021 Plaintiff was seen by an off-site nurse practitioner

and neurosurgeon at Einstien Hospital who recommended pain management injections for the pain and that if the injections are ineffective that Plaintiff would then need to have spinal surgery.

19. On or about October 13, 2021 Plaintiff was taken to Temple Hospital for a consultation with the neurologist to discuss how the epidural pain medication injection would be administered. But the neurologist had to inform the Plaintiff that they were unable to discuss the injection procedure with him due to the facility failing to provide them with Plaintiff's medical records and told the plaintiff and the officers that the medical staff at the facility would now have to reschedule the consultation.

20. On or about November 18, 2021 the Plaintiff went to sick call to find out if the neurology consultation appointment had been scheduled but was told it had not.

21. On or about November 20, 2021 the Plaintiff the Plaintiff filed a grievance (#955954) concerning the Defendants failure to reschedule him for neurology.

22. On or about December 6, 2021 Plaintiff's grievance was granted (in part) stating, "Wellpath Manager Ms. Woods and CHCA Huner have been made aware for fulfillment of resolution."

23. On or about February 28, 2022 Plaintiff again went to sick call to find out if the neurology appointment had been rescheduled and it had not.

24. On or about March 6, 2022 Plaintiff filed a second grievance (#971365) concerning the rescheduling.

25. On or about March 11, 2022 the response to the grievance was that its being rejected because, "The current rescheduling issue is being reviewed and resolved."

26. On or about June 27, 2022 Plaintiff went back to sick call to complain about his sever lower back pain and to find out if the neurologist appointment had been rescheduled and it still had not. Plaintiff was also told by the the PA (Physician Assistant) Amaoh Oti-Akenten that she had discussed the rescheduling issue with the Defendant Dr. Letizio and that he stated to her he was not going to schedule him for neurology.

27. On or about July 10, 2022 Plaintiff filed a third grievance (989099) against the Defendants for the egregious delay and/or denying to reschedule him for neurology.

28. On or about August 11, 2022 Petitioner's grievance was granted (in part) stating, "Resolution to rescheduling appointment as soon as possible for plan of care. Wellpath Program Manager Ms. Menya and CHCA Huner made aware.

30. On or about January 3, 2023 Plaintiff was seen by Dr. Bazel who informed Plaintiff that he had been scheduled for neurology. Plaintiff then asked Bazel to ask the medical Defendants if they could expedite the neurology consult appointment due to his pain, the Defendants denied the request.

31. On or about May 16, 2023 Plaintiff was given an epidural pain injection into his lower spine by an off-site neurologist at Temple Hospital.

32. About a week after having the injection Plaintiff went to sick call to inform the physician that it had no-effect on his pain and asked if the follow-up had been scheduled and was told it had not.

33. On or about June 20, 2023 Plaintiff went to sick call to find out if the follow-up with the neurologist had been scheduled yet and was told by the physician

that the Defendants had denied him for follow-up with neurology.

## V. PRIOR CIVIL RIGHTS ACTIONS

34. Leon J. Howard V. Wellpath, LLC, et al., NO. 22-CV-3241 (E.D.Pa.), resolved in favor of Defendants; Leon J. Howard v. Wellpath, LLC, et al.,NO. 23-CV-2862 (E.D.Pa.), Plaintiff withdrew the complaint.

## VI. ADMINISTRATIVE REMEDIES

35. Plaintiff has exhausted all administrative remedies to the fullest extent possible.

### A. FIRST CAUSE OF ACTION: INADEQUATE MEDICAL CARE

36. The allegations set fourth in paragraphs 1 through 35 are incorporate as if fully set fourth herein.

37. The foregoing conduct of the Medical Defendants, acting under color of state law, was undertaken in concert and conspiracy and as part of an effort to unlawfully deny Plaintiff medical treatment and otherwise deprive Plaintiff of his civil and constitutional rights, including his rights, privileges, and immunities under the Eighth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

38. Because of the Plaintiff's need for spinal surgery, Plaintiff has suffered with sever lower back pain.

39. Each Medical Defendant was aware of Plaintiff's serious medical needs.

40. The seriousness of Plaintiff's medical needs was obvious to the Medical Defendants because the severity of his spinal condition in his lower spine is well documented.

41. Plaintiff repeatedly emphasized the seriousness of his medical needs during his on-site medical consultations with the Medical Defendants.

42. The actions and omissions of the Medical Defendants delayed Plaintiff's necessary medical treatment for one-and-a-half years for non medical reasons, intentionally deny the Plaintiff follow-up treatment knowing the injections are a prerequisite in order to have spinal surgery, and other circumstances attendant to the breakdown in the communication among the Medical Defendants regarding the continuity of Plaintiff's care as well as the severity and urgency of his medical needs.

43. As a direct and proximate result of the Medical Defendants' actions and omissions, Plaintiff has had to suffer the injuries of serious chronic back pain, lose of sleep and mental and emotional distress.

44. The acts and omissions of the Medical Defendants were committed willfully, wantonly, maliciously, intentionally, outrageously, deliberately, and/or by conduct so egregious as to shock the conscience.

45. The acts and omissions of the Medical Defendants were committed without cautious regard for due care, and with such wanton and reckless disregard of the consequences as to show the Defendants' indifference to the seriousness of Plaintiff's medical needs and the risk of serious harm.

46. The Medical Defendants conspired to inflict harm on Plaintiff and deprive him of his constitutional rights.

47. The Medical Defendants violated Plaintiffs constitutional rights by causing him harm through their protracted delay of his necessary and proper medical treatment.

48. As a direct and proximate result of the Medical Defendants' illegal and unconstitutional actions, Plaintiff suffered pain, anxiety, sever emotional trauma, and the lose of the enjoyment of life, all to his great detriment and lose.

49. As a direct and proximate result of the Medical Defendants' illegal and unconstitutional actions, Plaintiff suffered and continues to suffer financial lose and deprivation of other liberty interest, all to his great financial loss.

### B. SECOND CAUSE OF ACTION: STATE LAW NEGLIGENCE CLAIMS

50. The allegation set forth in paragraph 1 through 49 are incorporated as if fully set forth herein.

51. The Medical Defendants had the duty to comply with generally accepted medical standards of care in their medical treatment of Plaintiff.

52. The Medical Defendants' violation of their duty of care to Plaintiff was a direct and proximate cause and a substantial factor in bringing about Plaintiff's damages as outlined above, and as a result the Medical Defendants are liable to the Plaintiff.

53. Because the Medical Defendants were privately contracted by the Defendants Wellpath, Wellpath is liable for the violations of Plaintiff's civil rights due to its custom of inadequately supervising and training their employees, their unwritten policy and/or custom, and Wellpth also knew of and acquiesced in the deprivation of Plaintiff's rights.

### PUNITIVE DAMAGES

54. Plaintiff incorporates Paragraphs 1 though 46 of this complaint as though fully set forth herein.

55. The conduct of the individual Defendants was outrages, malicious, wanton, willful, reckless, and intentionally designed to inflict harm upon Plaintiff.

56. As a result of the actions of the individual Defendants, as discussed in the foregoing paragraphs, Plaintiff is entitled to punitive damages as to each cause of action.

### JURY DEMANDED

57. Plaintiff demands a jury as to each Defendant and as to each count. WHEREFORE, Plaintiff requests the following relief:

    a.    Compensatory damages;

    b.    Punitive damages

    c.    Reasonable attorney fees and cost; and

Such other and further relief as appears reasonable and just.

/s/ Leon J. Howard
Leon J. Howard BH-2734
SCI-Phoenix
1200 Mockychic Drive
Collegeville, PA. 19426

Date: December 17, 2023

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

LEON J. HOWARD,

    Plaintiff,

V.

WELLPATH, LLC,
Health Care Provider;
DR. ANTHONY LETIZIO
Medical Director,
BRITTANY HUNER
Chief Health Care Administrator,
MS. WOODS
Wellpath Program Manager,
Ms. MENYA
Wellpath Program Manager,

    Defendants.

CIVIL NO:_____

## VERIFICATION

    I, Leon J. Howard, pro se, Plaintiff have read the foregoing Compliant and hereby verify that the matters alleged therein are true. I certify under penalty of perjury that the foregoing is true and correct.

Clerk of Court, EDPa
Edward N. Cahn U.S. Courthouse &
Federal Building
504 W. Hamilton Street
Allentown, PA. 18101

Date: December 17, 2023

AO 398 (Rev. 01/09) Notice of a Lawsuit and Request to Waive Service of a Summons

# UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEON J. HOWARD | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No. |
| WELLPATH, LLC | ) |
| *Defendant* | ) |

## NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS

To: Wellpath, LLC, 600 N. 12th Street, Suite 100, Lemoyne, PA. 17043
*(Name of the defendant or - if the defendant is a corporation, partnership, or association - an officer or agent authorized to receive service)*

### Why are you getting this?

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

This is not a summons, or an official notice from the court. It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must return the signed waiver within ____ days *(give at least 30 days, or at least 60 days if the defendant is outside any judicial district of the United States)* from the date shown below, which is the date this notice was sent. Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

### What happens next?

If you return the signed waiver, I will file it with the court. The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you. And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

Date: _____

_____
*Signature of the attorney or unrepresented party*

_____
*Printed name*

_____
*Address*

_____
*E-mail address*

_____
*Telephone number*

AO 398 (Rev. 01/09) Notice of a Lawsuit and Request to Waive Service of a Summons

# UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEON J. HOWARD <br> *Plaintiff* <br> v. <br> DR. ANTHONY LETIZIO <br> *Defendant* | ) <br> ) <br> ) Civil Action No. <br> ) <br> ) |

## NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS

To: Dr. Anthony Letizio, 1200 Mokychic Drive, Collegeville, PA. 19426
*(Name of the defendant or - if the defendant is a corporation, partnership, or association - an officer or agent authorized to receive service)*

**Why are you getting this?**

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

This is not a summons, or an official notice from the court. It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must return the signed waiver within _____ days *(give at least 30 days, or at least 60 days if the defendant is outside any judicial district of the United States)* from the date shown below, which is the date this notice was sent. Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

**What happens next?**

If you return the signed waiver, I will file it with the court. The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you. And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

Date: _____

_____
*Signature of the attorney or unrepresented party*

_____
*Printed name*

_____
*Address*

_____
*E-mail address*

_____
*Telephone number*

# UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF PENNSYLVANIA

LEON J. HOWARD
*Plaintiff*

v.

BRITTANY HUNER
*Defendant*

Civil Action No.

## NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS

To: Brittany Huner, 1200 Mokychic Drive, Collegeville, PA.19426

*(Name of the defendant or - if the defendant is a corporation, partnership, or association - an officer or agent authorized to receive service)*

**Why are you getting this?**

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

This is not a summons, or an official notice from the court. It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must return the signed waiver within _____ days *(give at least 30 days, or at least 60 days if the defendant is outside any judicial district of the United States)* from the date shown below, which is the date this notice was sent. Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

**What happens next?**

If you return the signed waiver, I will file it with the court. The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you. And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

Date: _____

_____
*Signature of the attorney or unrepresented party*

_____
*Printed name*

_____
*Address*

_____
*E-mail address*

_____
*Telephone number*

AO 398 (Rev. 01/09) Notice of a Lawsuit and Request to Waive Service of a Summons

# UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEON J. HOWARD<br>*Plaintiff*<br>v.<br>MS. WOODS<br>*Defendant* | )<br>)<br>) Civil Action No.<br>)<br>) |

## NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS

To: <u>Ms. Woods, 1200 Mokychic Drive, Collegeville, PA. 19426</u>
*(Name of the defendant or - if the defendant is a corporation, partnership, or association - an officer or agent authorized to receive service)*

**Why are you getting this?**

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

This is not a summons, or an official notice from the court. It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must return the signed waiver within _____ days *(give at least 30 days, or at least 60 days if the defendant is outside any judicial district of the United States)* from the date shown below, which is the date this notice was sent. Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

**What happens next?**

If you return the signed waiver, I will file it with the court. The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you. And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

Date: _____

_____
*Signature of the attorney or unrepresented party*

_____
*Printed name*

_____
*Address*

_____
*E-mail address*

_____
*Telephone number*

AO 398 (Rev. 01/09) Notice of a Lawsuit and Request to Waive Service of a Summons

# UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEON J. HOWARD | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. |
| MS. MENYA | ) |
| *Defendant* | ) |

## NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS

To: <u>Ms. Menya, 1200 Mokychic Drive, Collegeville, PA. 19426</u>
*(Name of the defendant or - if the defendant is a corporation, partnership, or association - an officer or agent authorized to receive service)*

Why are you getting this?

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

This is not a summons, or an official notice from the court. It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must return the signed waiver within _____ days *(give at least 30 days, or at least 60 days if the defendant is outside any judicial district of the United States)* from the date shown below, which is the date this notice was sent. Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

What happens next?

If you return the signed waiver, I will file it with the court. The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you. And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

Date: _____

_____
*Signature of the attorney or unrepresented party*

_____
*Printed name*

_____
*Address*

_____
*E-mail address*

_____
*Telephone number*

Smart Communications/PADOC
SCI- Phoenix
Name Leon J. Howard
Number BH2734

1200 Mokychic Drive
Collegeville, PA. 19426

To: Clerk of Court, EDPa
Edward N Cahn US Court House
Federal Building
504 W. Hamilton St.
Allentown. PA. 18101

PA DEPARTMENT OF CORRECTIONS
INMATE MAIL

neopost
12/22/2023
US POST

REC'D DEC 27 2023