**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LEON J. HOWARD,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 23-CV-5140** |
| | : | |
| **WELLPATH, LLC,** *et al.*, | : | |
| **Defendants.** | : | |

## ORDER

**AND NOW**, this 30th day of March, 2026, upon consideration of Defendants' Motions to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF Nos. 13, 14), Plaintiff Leon Howard's Responses in Opposition (ECF Nos. 16, 19), Defendants Wellpath, Dr. Anthony Letizio, Jackie Woods, and Dawn Menya's Replies thereon (ECF No. 20), Howard's Sur-Reply thereto (ECF No. 23), and Wellpath's Amended Motion to Dismiss (ECF No. 44), and for the reasons stated in the Court's accompanying Memorandum, **IT IS HEREBY ORDERED** that:

1. The Clerk of Court is **DIRECTED** to **UPDATE** the names of Defendants as follows: change "Brittany Huner" to "Britney Huner"; change "Ms. Woods" to "Jackie Woods"; and change "Ms. Menya" to "Dawn Menya."

2. Wellpath's Amended Motion to Dismiss (ECF No. 44) is **DENIED**.

3. Huner's Motion to Dismiss (ECF No. 14) is **GRANTED**.

4. Defendants Wellpath, Dr. Letizio, Woods, and Menya's Motion to Dismiss (ECF No. 13) is **GRANTED in part and DENIED in part** as follows:

   a. The motion to dismiss the medical indifference and state law negligence claims against Dr. Letizio is **DENIED**, and those claims will proceed to discovery. Dr. Letizio **shall file a responsive pleading** as to these claims in accordance with Federal Rule of Civil Procedure 12(a)(4).

b.  The balance of the Motion is **GRANTED**.

5.    The remaining claims in the Complaint are **DISMISSED IN PART WITH PREJUDICE AND IN PART WITHOUT PREJUDICE** as follows:

a.  The medical indifference and professional negligence claims against Huner, Woods, and Menya, and any claims based on grievances are **DISMISSED WITH PREJUDICE.**

b.  The conspiracy claims and claims against Wellpath are **DISMISSED WITHOUT PREJUDICE.**

6.    Howard may file an amended complaint within thirty (30) days of the date of this Order if is he capable of curing the defects the Court has identified in the claims dismissed <u>without prejudice only</u>, which are the claims against Wellpath and the conspiracy claims against Dr. Letizio, Huner, Woods, and Menya.  Any amended complaint must identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint and shall state the basis for Howard's claims against each defendant.  The amended complaint shall be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim.  **<u>If Howard files an amended complaint and intends to proceed on claims that the Court has not dismissed, namely the claims against Dr. Letizio, he must replead these claims, including all facts related to these claims.</u>**  When drafting his amended complaint, Howard should be mindful of the Court's reasons for dismissing the claims in his initial Complaint as explained in the Court's Memorandum.  Howard may <u>not</u> reassert any claim that has already been dismissed with prejudice.

7.    Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

2

8.      The Clerk of Court is **DIRECTED** to send Howard a blank copy of the Court's form complaint for a prisoner filing a civil rights action bearing the above civil action number. Howard may use this form to file his amended complaint if he chooses to do so.

9.      If Howard does not wish to amend his Complaint as to the claims dismissed without prejudice, and instead intends to stand on his Complaint originally pled for these claims, he may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the conspiracy claims and claims against Wellpath.  Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case.  *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

10.     If Howard fails to file any response to this Order, the Court will conclude that Howard intends to proceed **only** on the claims against Dr. Letizio and intends to stand on his Complaint as to the conspiracy claims and claims against Wellpath, and the Court will issue a final order dismissing those claims.[1]  *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's

---

[1] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on his complaint.  *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint"

intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).  For faster processing, Howard may file a "Notice of Intent to Proceed" including civil action number 23-5140 indicating that he intends to proceed only on the claims against Dr. Letizio.

**BY THE COURT:**

/s/ Jeffrey L. Schmehl
**JEFFREY L. SCHMEHL, J.**

---

doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (*per curiam*).  Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend his complaint, leaving the case without an operative pleading.  *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (*per curiam*) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).