## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LEON J. HOWARD,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 23-CV-5140** |
| | : | |
| **WELLPATH, LLC, *et al.*,** | : | |
| **Defendants.** | : | |

### AMENDED ORDER[1]

**AND NOW**, this 31st day of March 2026, upon consideration of Defendants' Motions to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF Nos. 13, 14), Plaintiff Leon Howard's Responses in Opposition (ECF Nos. 16, 19), Defendants Wellpath, Dr. Anthony Letizio, Jackie Woods, and Dawn Menya's Replies thereon (ECF No. 20), Howard's Sur-Reply thereto (ECF No. 23), and Wellpath's Amended Motion to Dismiss (ECF No. 44), and for the reasons stated in the Court's accompanying Memorandum, **IT IS HEREBY ORDERED** that:

1. The Clerk of Court is **DIRECTED** to **UPDATE** the names of Defendants as follows: change "Brittany Huner" to "Britney Huner"; change "Ms. Woods" to "Jackie Woods"; and change "Ms. Menya" to "Dawn Menya."

2. Huner's Motion to Dismiss (ECF No. 14) is **GRANTED**.

3. Defendants Wellpath, Dr. Letizio, Woods, and Menya's Motion to Dismiss (ECF No. 13) is **GRANTED in part and DENIED in part** as follows:

    a. The motion to dismiss the medical indifference and state law negligence claims against Dr. Letizio is **DENIED**.

    b. The balance of the Motion is **GRANTED**.

---

[1] This Order amends the Court's March 30, 2026 Order (ECF No. 51) to reflect updates in the Wellpath Bankruptcy case.

4. The remaining claims in the Complaint are **DISMISSED IN PART WITH PREJUDICE AND IN PART WITHOUT PREJUDICE** as follows:

a. The medical indifference and professional negligence claims against Huner, Woods, and Menya, and any claims based on grievances are **DISMISSED WITH PREJUDICE.**

b. The conspiracy claims are **DISMISSED WITHOUT PREJUDICE.**

c. The claims against Wellpath are **DISMISSED WITHOUT PREJUDICE** subject to being properly reasserted against the Wellpath Liquidating Trust, as explained in the Court's accompanying Memorandum.

5. Wellpath's Amended Motion to Dismiss (ECF No. 44) is **GRANTED**.

6. The Clerk of Court is **DIRECTED** to **TERMINATE** Wellpath as a Defendant in this action.

7. Howard may file an amended complaint within thirty (30) days of the date of this Order if is he capable of curing the defects the Court has identified in the claims dismissed without prejudice only, which are the claims against Wellpath and the conspiracy claims against Dr. Letizio, Huner, Woods, and Menya. Any amended complaint must identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint and shall state the basis for Howard's claims against each defendant. The amended complaint shall be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim. **If Howard files an amended complaint and intends to proceed on claims that the Court has not dismissed, namely the medical indifference and state law negligence claims against Dr. Letizio, he must replead these claims, including all facts related to these claims.** If Howard chooses to reassert his claims against Wellpath, **he**

**must name the Liquidating Trust as the nominal defendant**.  When drafting his amended complaint, Howard should be mindful of the Court's reasons for dismissing the claims in his initial Complaint as explained in the Court's Memorandum.  Howard may not reassert any claim that has already been dismissed with prejudice.

8.    Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

9.    The Clerk of Court is **DIRECTED** to send Howard a blank copy of the Court's form complaint for a prisoner filing a civil rights action bearing the above civil action number. Howard may use this form to file his amended complaint if he chooses to do so.

10.    If Howard fails to file any response to this Order, the Court will conclude that Howard intends to proceed **only** on the medical indifference and state law negligence claims against Dr. Letizio and intends to stand on his Complaint as to the conspiracy claims and claims against Wellpath, and the Court will issue a final order dismissing those claims.[2]  *See Weber v. McGrogan*, 939 F.3d 239-40 (3d Cir. 2019) (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to

---

[2] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on his complaint.  *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (*per curiam*).  Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend his complaint, leaving the case without an operative pleading.  *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (*per curiam*) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).

3

cure a defective complaint).  For faster processing, Howard may file a "Notice of Intent to Proceed" including civil action number 23-5140 indicating that he intends to proceed only on the medical indifference and state law negligence claims against Dr. Letizio.

**BY THE COURT:**

*/s/ Jeffrey L. Schmehl*
**JEFFREY L. SCHMEHL, J.**